* Jackson, J.,
delivered the opinion of the Court.
The plaintiff cannot be in a better situation than if a policy had been effected pursuant to his instructions.† The defendant, m procuring such insurance, would have been bound to state all the facts of which he was informed, that could, in any way, affect the premium. If he suppressed any that would be material to the insurer to know, the policy would be avoided. If, on the other hand, he withheld any information that would tend to lessen the risk and reduce the premium, he would be doing injustice to the plaintiff’, his principal. We are then to suppose that he exhibited the letter of the plaintiff, ordering the insurance, and had procured a policy ac cordingly ; and consider, whether the plaintiff could, under the cir cumstances now disclosed, recover against those insurers.
If the persons, to whom application was made, had offered to insure upon having the statement in the letter inserted as a warranty in the policy, and especially if the defendant could not have effected insurance at a reasonable premium upon any other terms ; it is by no means certain that the defendant would not have been bound in justice to his principal to make such a warranty. If he had refused to do it, and the plaintiff' had, in consequence, failed to procure the insurance he intended, he might well have objected to his agent, that the latter had no right to suppose that he had represented any thing which was not strictly true, or that he had undertaken any thing which he would not perform. And, if a policy had been effected with such a warranty, it is perfectly certain, that the plaintiff could not have recovered against the insurers.‡
But, if this is to be considered merely as a representation, the result is in our minds the same. The plaintiff, a part-owner of the vessel, must be presumed to have been privy to, and to have joined in, the orders for her sailing. The representation contains, in effect, a statement of what he had ordered, or intended to order, in that respect. The vessel was to sail “ as soon as the frigates, calculating to take advantage of their protection.” This representation [* 43 ] was made, * in order to reduce the premium ; and it must have had that effect. It ought, then, to be substantially complied with. The underwriters could not suppose, when signing such a policy, that the vessel had sailed two days before the letter was written ; and that the frigates, which were to protect her, were still in port.§
*45 There appears to have been no dispute at the trial, as to the facts relating to this point. It was manifest that the representation had not been complied with ; and there was no attempt to prove that what had been done was equally beneficial to the insurers. The only question seems to have been on the legal effect and operation of the facts proved ; and the jury were instructed that such a misrepresentation would have avoided the policy, if one had been made according to the plaintiff’s instructions ; from which it followed, of course, that the plaintiff could not recover damages against the defendant for not procuring such insurance. The direction to the jury was undoubtedly correct; and there must be

Judgment according tc the verdict.

[† A principal cannot maintain an action against his. agent for damages resulting from the agent’s negligence, unless there has been “ a real loss or actual damage. See Story on Agency, § 222, and authorities and cases there cited. — Ed.]

 Hughes on Ins 326.

 Charaud vs. Angerstein, Peake, 43. — Duffel vs Wilson, 1 Campb. 401 and note. MacDonal vs. Frazer, Dougl. 247. — 4 Taunt. 872 - 874. — Hughes, 347.