ORIFLAMME, The. See Case No. 10,572.

---

## Case No. 10,573.

### The ORIOLE.

[Olc. 67.] [1]

District Court, S. D. New York. Nov., 1844.

ADMIRALTY—LIBELLANT'S RIGHT TO DISCONTINUE PROCEEDINGS—COSTS—INQUIRY INTO DAMAGES AT INSTANCE OF CLAIMANT.

1. A libellant has the right, at any stage of the cause, voluntarily to discontinue the same; and the only penalty to which he can legally be subjected is, the payment of the costs of the proceedings.

[Cited in The Confiscation Cases, 7 Wall. (74 U. S.) 458.]

2. The court will not, upon a summary application of a claimant, inquire into damages caused him by an unfounded arrest of his ship.

3. Nor will it assume power to coerce parties into issues not raised in the pleadings filed in the cause.

In admiralty.

BETTS, District Judge. A motion is made on the part of the claimant to compel the libellant to file additional stipulations in the cause, and that the court award out of such securities an adequate indemnity to the claimant for the wrongful and injurious prosecution of this action. A libel was filed upon a bottomry bond, purporting to have been executed by the master of the brig, in a foreign port; and she was arrested thereon on or about the 7th of February last. On the 6th of March, the libellant caused to be entered on the rule book in court an order discontinuing the suit, and directing the

---

[1] [Reported by Edward R. Olcott, Esq.]

vessel to be discharged from arrest. Notice of such discontinuance and discharge was served the same day by the proctor of the libellant on the proctor of the claimant, with an offer to pay the claimant's costs, as soon as they should be taxed. This offer, the proctor deposes, he has been and is now ready to fulfil, but that the costs have never been taxed or presented by the proctor of the claimant.

The claimant insists that the libellant cannot voluntarily withdraw from the court of admiralty after a proceeding in rem, and that the court will retain the cause until full justice can be rendered the claimant for the unfounded and illegal attachment of his property, and determine the amount of damage sustained by him in being deprived of the possession and employment of the brig by means of the arrest. It is argued, that there is a fundamental difference in this respect between the functions of an admiralty court, and those of courts of law or equity. In the latter it is not denied that the prosecuting party may relinquish his suit at any stage of it, and withdraw from court at his own option, and without other liability to his adversary than the payment of taxable costs which have accrued up to the time of the discontinuance. 1 Tidd. Prac. 628; Grah. Prac. 494; 1 Cow. 47. No authority is produced establishing the distinction claimed in respect to admiralty suits, and I do not discover any principle upon which it can be maintained. The immunity of the respective parties, pendente lite, in respect to the subject matter of the suit and the expenses of the action, may be secured with more promptitude and efficiency in a maritime court than at law; but the jurisdiction exercised before either tribunal, in that behalf, springs from a common principle, and is directed to the same end. The stipulations in the one case are exacted, enlarged or modified by the summary action of the court, but only for the same object that security for costs are coerced in the other, that the successful litigant may be assured of the costs that may be ultimately awarded him.

When a litigation is urged through all its stages, and the final decree in an admiralty court dismisses the libel, discharges the respondent from arrest, and restores the property seized, nothing is adjudged affirmatively to the successful claimant other than his costs and expenses. So, if the action is defeated at the instance of the respondent at any point of its progress, or at its inception, because of informality or insufficiency of its processes, the decree still is simply that the property be restored, or the respondent freed from arrest, and that the libellant or his stipulators pay the costs specifically named, or those to be taxed, according to the standing rates of the court. And upon

what reason can a different principle be introduced and enforced, when the actor comes into court and voluntarily desists from further pursuing his demand? No doctrine of the law is indicated which would render his liability, in such a case, greater than if he had persisted in an unfounded suit, so long as a standing in court was allowed him. In the latter case, it is clear the decree against him is for nothing beyond a fair indemnity for expenses in the name of costs, and is never enlarged to a peremptory detention of the promovent in court, to abide a trial upon counter-claims preferred against him by the adverse party, and it seems to me that such is the limit of the remedy against him in this behalf, when he relinquishes and abandons his action without bringing it to the judgment of the court. Moreover, what would be the method or modus operandi employed by the court in exercising the jurisdiction invoked in this case?

The claimant alleges, as one gravamen, that by the arrest of his vessel he has lost the profits and advantage of a charter-party agreed for. How is the fact to be ascertained by this court, and if established, on what mode of proceeding is the amount of damages to be determined? The court would not act in these independent matters summarily, or on the depositions of the demandant, and it would have no power to coerce both parties into issues and litigations not embraced in the action instituted. Costs are not a constituent element of an action. They never become a point of issue and contestation on trial. They did not even exist at common law as incidents of a suit, but are creatures of statute, or else in those tribunals possessing power to deal with the claims of suitors ex conscientia, together with their legal rights, are employed as a means of measuring out justice between litigants in relation to expenditures caused by the litigation. Kneass v. Schuylkill Bank [Case No. 7,876]. Admiralty, which uses a freer discretion than chancery in this particular, although, as a general rule, it gives costs to the party prevailing in the action, will still modify, divide or withhold them in correspondence with the intrinsic justice of the cause, irrespective of the ultimate judgment on the issues. The Partridge, 1 Hagg. Adm. 81; 1 Hagg. Ecc. 210; Read v. Harris, 3 Dall. [3 U. S.] 34; Penhallow v. Doane, Betts, Adm. 120. But I find no recognised usages in these courts sanctioning the notion that a libellant can be restrained from withdrawing his suit, and be, by the power of the court, converted into a defendant, and be proceeded against in that capacity for the adjustment of such a demand against him on the part of the respondent.

The motion must be denied.