## Case No. 4,899.

### FOLGER v. The ROBERT G. SHAW.

[2 Woodb. & M. 531;[1] 17 Hunt, Mer. Mag. 508.]

Circuit Court, D. Massachusetts. May Term, 1847.

Mr. Crowninshield, for libellant.
Mr. Fletcher, for respondent.

WOODBURY, Circuit Justice. A court of admiralty differs in various respects from a court of law in its forms of proceeding, as well as in its principles of decision. But it has rules of practice, though more flexible, and to sustain them can award costs, and should against a party guilty of a false clamor, or in fault either in preliminary or final proceedings. See Deshon v. Medora [Case No. 3,820], and cases in Burnham v. Rangely [Id. 2,177]; 2 Bac. Abr. "Court of Admiralty," E. When it ought to do more and bar other suits, by rendering judgment in chief between the parties as well as awarding costs, is the chief question in the present case, and is not without difficulty both in theory and practice. Certain it is, that there is one test where such a judgment cannot be rendered. There would be some absurdity involved in giving a final judgment as if on the merits, when the case had not proceeded so far as to exhibit the merits either in the pleadings or evidence. What judgment must then be rendered in such cases, when either party has neglected or refused to proceed so far as to exhibit the merits? Manifestly, if it be the plaintiff, the judgment should be a nonsuit, or discontinuance, or dismissal of the case, varying in form, but not in substance, all being, in such preliminary stages of the action, but a mode of punishing the plaintiff merely by costs for his neglect to proceed, or for his apparent false clamor. Jac. Dict. "Nonsuit"; 3 Bl. Comm. 295; Gilbreth v. Brown, 15 Mass. 178; 5 Dane, Abr. 676. See the form of entry, Cro. Jac. 213; 5 Bac. Abr. "Nonsuit," A.

It is true, that nonsuits and dismissals may be on the merits at times, but then they are rendered on a different state of facts,

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

and usually in a different stage of the proceedings, the case having gone forward so far, that the merits can be ascertained and properly settled. The presumption is, however, that all nonsuits and dismissals are formal, in order to mulct negligence in costs; and they imply merely a failure to prosecute, an unwillingness to proceed further in this action, rather than necessarily a want of merits. Apsden v. Nixon, 4 How. [45 U. S.] 467; Burnham v. Webster [Case No. 2,179]; Greely v. Smith [Id. 5,749]; Minor v. Mechanics' Bank of Alexandria, 1 Pet. [26 U. S.] 74. When they are designed as a bar and are voluntary by the plaintiff, they should be in the form of a retraxit, and thus stipulate to prosecute no further in another suit. 5 Coke, 58; Bac. Abr. "Nonsuit," A. Under certain statutes in England, judgments in later stages of a cause may, also, be "as in case of a nonsuit" (see 14 Geo. II. c. 17, § 1; 1 Dowl. Pr. Cas. 561); in case the plaintiff, for neglect to be ready or comply with various orders of the court, is punished by a nonsuit and costs, and compelled, if he sues further, to begin his case de novo (see 13 Car. II. c. 2; Oldham v. Burrell, 7 Durn. & E. [Term R.] 26; 2 Tidd, Pr. 730, 785, and cases cited; 2 Chit. Cas. 283; 2 H. Bl. 219; 5 Bac. Abr. "Nonsuit," A). But there is no judgment on the merits so as to prejudice or bar another suit.

In chancery the entry in like circumstances is, that the bill is dismissed. Yet the effects of all of these are the same when under like circumstances; and if they happen before the merits can be ascertained, they are allowed on payment of costs, and are no bar on the merits. The books of practice are rather meagre as to the form adopted in admiralty, under similar circumstances. But as the libel there is a substitute for the writ and declaration at common law, and for the bill in chancery, I see no reason why it may not be abandoned, or discontinued in a like stage of proceedings with the others, and with a like effect. Whether it be called a nonsuit, or discontinuance, or desertion of the cause, is immaterial; but it should operate as a mere discontinuance, if at a time when the merits are not developed, and cannot be ascertained. I have assumed as the guiding principle, it being the only one conceivable by me, that the precise stage, in which the discontinuance should be allowed without a judgment on the merits, and as a matter of right if claimed by the prosecuting party, is any progress in the cause, which has not yet furnished means to the court for a correct final decision.

Another proof showing this to be the best test is, that where a cause has advanced to that extent in a court of law, or has become ready and opened for trial on pertinent evidence, but the trial is not yet closed, the court, before which it is thus proceeding, cannot nonsuit the party without his consent. He has then become entitled to a hearing and decision by a jury on the pertinent evidence he has offered. But, in most cases, if no evidence is offered by the plaintiff, and objections in law appear on the record which are fatal and final, the court can order him to be nonsuited on the merits; and a nonsuit should then operate as a bar to another action. Tidd, Pr. 796; 1 Wend. 376; 2 Greenl. 5; 2 South. [5 N. J. Law] 851. So if the plaintiff makes out no case, before a rebuttal by the defendant. 3 Greenl. 97; 1 Pick. 328; Conk. Pr. 275. But if there be any evidence to be considered, it is improper for the court to dispose of the case on the merits by nonsuit, unless the plaintiff consent, but rather must submit the evidence to a jury, with appropriate instructions. Rose v. Learned, 14 Mass. 154; 17 Mass. 249; [Doe v. Grymes] 1 Pet. [26 U. S.] 469; [Crane v. Lessee of Morris] 6 Pet. [31 U. S.] 598; 13 Johns. 334; 6 Pick. 117; 2 Bin. 248, 254; 4 Vt. 363; Anonymous [Case No. 475]; Huidekoper v. McClean [Id. 6,852]; Doe v. Grymes, supra; D'Wolf v. Rabaud, 1 Pet. [26 U. S.] 497. There are some qualifications of this rule (8 Mass. 336; 17 Mass. 1), that need not be now examined. This rule proceeds on the ground, that when a plaintiff appears once and enters on the trial of his case, having offered pertinent evidence, he is entitled to go on, and, if he can, obtain final judgment upon the merits, unless he assents to withdraw, and be put out of court without such judgment. Watkins v. Towers, 2 Durn. & E. [Term R.] 275; 2 Tidd, Pr. 298; 2 Adol. & E. 166; Doe v. Grymes, supra; Ward v. Mason, 9 Price, 291; 13 Price, 222; 2 Bing. 258; Grahame v. Harris, 5 Gill & J. 489. This illustration furnishes the true clue for the corresponding proposition, when the plaintiff has a right to become nonsuit, without prejudice to the merits. It is where the action has reached such a stage, that the defendant cannot be obliged by the plaintiff to let the latter go out of court without some final judgment on the matter itself, which is in dispute.

Each party should have somewhat similar rights in respect to such a subject; and the great inquiry is, when the plaintiff must be compelled to stop to exercise this power, as a right of withdrawing, without being barred from bringing another action? That is the precise question here; when that stage must be considered as reached? The rules of practice do not seem to be entirely uniform on this point, and have become more rigid in modern times than anciently. But I apprehend that the principle which must govern it, is that before indicated, and which is, that this act must be done at some period before the merits can be ascertained for a final judgment, or the plaintiff is not entitled to do it as a right. Thus it seems plain, from the great current of the cases, and it is reasonable in principle, that a party, if he pleases, on paying costs, should abandon his suit, and a nonsuit be permissible, after ev-

ery continuance before trial, on a call of the case to see if the parties are in readiness for trial. Then the plaintiff is demandable in court and does not choose to appear, and there is nothing yet by which the merits can be ascertained. 3 Salk. 244, 245; Haskell v. Whitney, 12 Mass. 48. Formerly a nonsuit used to be common during the trial and before verdict. Steph Pl. 130, 313; 3 Bl. Comm. 376. Once it could be even after a verdict, if the court took time to consider on the case. Id.; 1 Inst. 139, C. The test as to the time then was before a final judgment (Steph. Pl. 130); and the plaintiff might be nonsuit even after a verdict, if he did not like the amount of damages given by the jury (5 Mod. 208; Co. Litt. 139b). But this practice held out too great an encouragement to repeated and vexatious suits, and gave an advantage to a plaintiff which the defendant did not enjoy, of a prolonged litigation, and new and various experiments and trials. In the hands of wealth and power, exercised against moderate means, it would be likely in time to break down any antagonist. Consequently now, it is forbidden by statute in England in such cases (2 Hen. IV.; Bac. Abr. "Nonsuit," D), though it is still allowed sometimes as a favor after a special verdict, which is considered a mere finding of facts which are further to be considered by the court (3 Leon. 28). So after that statute passed, a nonsuit was for a time allowed after a demurrer. Co. Litt. 139. But I find no modern cases of allowing a nonsuit, as a matter of right, after a special verdict or a demurrer joined, and I doubt the propriety of them in principle. Cro. Jac. 35.

The true test seems to be the progress in the case, so that the court have means to decide on the merits. The defendant then has rights. and may well insist on a final judgment, to avoid further expense and litigation. Thus it often happens in the supreme court of the United States. on an appeal, that the court, when one side does not appear, proceed to hear the other, and render judgment on the merits. U. S. v. Palmer, 3 Wheat. [16 U. S.] 626. And by the 30th rule of that court, either party can claim a hearing and decision on the merits. 1 How. 30, pref. Because in that court no new testimony or pleadings generally take place, and the case is in a state to be heard and decided on the merits whenever it is entered. Looking to this condition of things as the general test, whenever it exists, whether in a court of original or appellate jurisdiction, it settles the question. when of right the plaintiff can be nonsuit or not. Hence it is according to several decisions, strengthening that test. customary. before trial, to allow a nonsuit at the assizes as a right; but not at or after the trial is begun, by offering evidence. 6 Mart. [La.] 678; 8 Mart. [La.] 20; Cree v. Roll, 3 Salk. 246; Semb. Creswell. J., in 5 Man. & G. 590, and 6 Scott, N. R. 631. Nor is a discontinuance

allowed, except for special cause after a rule for judgment on a demurrer or on pleas, for like reasons; as then the merits can be decided on, and the defendant then has gone far enough to claim final judgment on the controversy. Turner v. Turner, 1 Salk. 179. So it has been held to be too late for the plaintiff to claim a right to be nonsuit, without consent of the defendant or leave of the court, after a submission of a case to referees. even though no testimony has been put in at that time. 12 Mass. 49. Because neither party, after such submission, is demandable in court till a report is made, and either may proceed ex parte, if the other declines, and have a report made. It seems also, by some cases, to be too late, if the defendant is ready to enter on the trial, with his evidence present, and then the plaintiff proposes a nonsuit as a right (2 Rolle, Abr. 131), while in other states the plaintiff is allowed to become nonsuit, at any time before the verdict is read by the clerk (3 McCord, 559; 4 Watts. 308; Wooster v. Burr, 2 Wend. 295; 5 Dane, Abr. 677). In others, it is limited to any time before the trial itself (Haskell v. Whitney, 12 Mass. 47), and is not allowed after the verdict is returned, though not recorded, unless then allowed by leave of the court, for good cause (Locke v. Wood, 16 Mass. 317; 6 Ham. [Ohio] 144; 1 Overt. 476; Veazie v. Wadleigh, 11 Pet. [36 U. S.] 61). In some states it is granted before the verdict is recorded. Hunt v. Morris, 6 Mart. [La.] 677.

I think, however. the readiness for the trial, the call of the case, the expiration of the notice, and the introduction of any pertinent evidence, is, as before intimated, the true punctum temporis, when the right of the plaintiff to become nonsuit ceases. and that of the defendant begins for a final judgment; because, then. the parties have agreed in court, that final proceedings shall be had, then there is a presumed readiness for them. then they have begun, and means are before the court to settle the merits. Both parties then stand on an equality; neither is taken at disadvantage then, by requiring judgment on the merits, unless special and good cause be assigned to the court for leave to become nonsuit; and then, so far as regards the defendant, a nonsuit by the plaintiff, at pleasure, as a right, is more vexatious; as then the mere costs are usually an inadequate remuneration for the expense of another preparation, and then a decision on the merits. if desired by the defendant. is practicable in most cases, without being subjected to another action and preparation. It will be seen, that this test requires the case to have been opened to the jury and some pertinent evidence submitted, if it be a trial on the general issue; or that the pleadings be closed if ending in a demurrer, so that the merits can be judged of understandingly upon them. 2 Madd. 389; 13 Ves. 168, note; 1 Story, Eq. Jur. § 456. So in chancery, the

evidence must be to some extent filed or published; and by like analogy, in admiralty, in the court where the original proceedings are instituted, the evidence must be put in, so far as to enable a decision on the merits to be made. See cases, supra. Applying this principle to the present case, this motion could be easily disposed of, if no appeal had taken place. and the cause was still pending in that court. It probably would not be contended, that after a hearing and judgment in the district court a nonsuit was permissible as a matter of right in that court. All the analogies heretofore referred to, as well as principle and precedents, forbid it. [Veazie v. Wadleigh] 11 Pet. [36 U. S.] 61.

The next and last inquiry is, whether this case being now in an appellate court, this principle does or does not apply to it? and how far, and under what circumstances or stages of the appeal, this principle applies? As a matter of fact, the present motion is made after pertinent evidence has been put in concerning the merits, and a decision had on it. But it was not put in before us, the appellate court, and of that evidence itself, as put in below. we have had no hearing so as to decide the merits on it. But though not hearing the evidence below, we have, as some guide to the merits, the judgment there rendered on it. This seems quite sufficient proof, at least prima facie, as to the merits after a full hearing, and after the appeal from it here is proposed to be abandoned. In reply to this it is said, that, in a technical appeal like this, where both the facts and law are open to re-examination, the former judgment is vacated or annulled by the appeal itself. Penhallow v. Doane, 3 Dall. [3 U. S.] 54; Conk. Pr. 157; [Yeaton v. U. S.] 5 Cranch [9 U. S.] 281; Bank of U. S. v. Swan, 3 Pet. [28 U. S.] 68. Appeals in admiralty do suspend the sentence below. Hall, Adm. 101;. Dunl. Adm. Pr. 317. And it is lawful to make new allegations and proofs on leave. in the appellate court. The San Pedro, 2 Wheat. [15 U. S.] 132, 141; The Venus, 1 Wheat. [14 U. S.] 113; The Edward, Id. 261; Yeaton v. U. S., 5 Cranch [9 U. S.] 281; The James Wells v. U. S., 7 Cranch [11 U. S.] 22; La Conception, 6 Wheat. [19 U. S.] 235. No matter what is the form of the appeal, whether as in England by claiming what are called "apostles or brief letters" of dismission of the case, and declaring that the record will be transmitted (2 Browne, Civ. & Adm. Law, 438); or as here, usually viva voce, though at times, in writing, the result must be the same. See, further. as to the mode of appeal in admiralty cases, The San Pedro, 2 Wheat. [15 U. S.] 132. Even the property follows the case to the circuit court, but not to the supreme court. The Collector, 6 Wheat. [19 U. S.] 194; The Grotius [Case No. 5,844]. After an appeal to the circuit court. no order about it can be made by the district court. The Collector, 6 Wheat. [19 U. S.] 194. But the original proceedings are all before the appellate court. The Santa Maria, 10 Wheat. [23 U. S.] 431. Generally the evidence below is reduced to writing, and forms a part of them, and is before us with them. But the decree below is not dead to all purposes, but rather suspended while the appeal is pending; and if the claim is founded on a statute, which is· repealed before the decree below is affirmed, the claim must fail. U. S. v. Preston, 3 Pet. [28 U. S.] 57. And in cases which go to the supreme court on a division of opinion below, the court below retains the cause; and before a decision of the questions carried up. may allow a discontinuance of the cause, and the questions fall with the discontinuance. [Veazie v. Wadleigh] 11 Pet. [36 U. S.] 62. There had been no verdict or judgment either in the court below or above in this case, or the discontinuance would have been too late as a matter of right. Id. 61, semble. Where an appeal is by writ of error, and in cases at common law, whether in the United States courts or state courts, or in England, the proceedings are usually regulated specially by statutes, and rest on them and other principles peculiar to such cases, and not like appeals in admiralty, as the present case is. See, on them, Act Cong. Sept. 24. 1789 [1 Stat. 84], §§ 22, 24; The Antelope, 2 Wheat. [15 U. S.] 132. But those cases not being like this, need not be examined in detail. Supposing the appeal to operate here, as is contended, so as to supersede the judgment below, the case begins again in the appellate court on the old pleadings, evidence and preparation, unless leave is granted for new ones. La Conception, 6 Wheat. [19 U. S.] 235. And the decision is all which remains to be considered and announced in the appellate court, when no motion is made for new pleadings or new proof.

Now it does not seem to me to be consistent with principle, that a case, standing here with pleadings completed, evidence taken, and all things ready for argument and final decision, should, undecided on the merits, be abandoned by the payment of costs, without the consent of the defendant, when, after so much expense and delay, he asks a final judgment upon the merits. In such case, the merits are likewise susceptible of being ascertained and settled. which is not the situation of things before pleadings are finished and evidence put in. In my view, then, a defendant, under such facts and in such a stage of the cause, has a right to object to a dismissal of the cause. or a discontinuance, unless by the judgment of the court on the merits, or perhaps a leave granted by it for a discontinuance for strong reasons. Nor can the plaintiff complain justly of this. when he has, without asking a discontinuance. advanced so far as to spread the merits of his claim before the appellate as well as the inferior court. It follows, therefore. that if an ap-

peal like this be entered, and then refused to be proceeded in, the pleadings and evidence being all completed below and brought up here, or if not so, being all completed here, the judgment must generally be in chief, when the respondent insists on one upon the merits.

There are ample means for deciding on the merits then, and by analogy to the practice at common law, judgment cannot, in that advanced stage of the proceedings, be allowed as a nonsuit, dismissal, or any mere discontinuance, so as to enable the plaintiff again, as a matter of right, to harass or vex the respondent with new pleadings, new evidence, and new preparations throughout, with a prospect of such imperfect remuneration as exists in an ordinary bill of costs. I speak now of the right on general principles. But for strong reasons shown, this can be departed from, of course, by leave of the court. If the court see that they have no jurisdiction over the appeal, or the original cause, then they would not, in fact, promote mere litigation, by allowing the plaintiff to dismiss the cause, so that a new action can be brought where the proceedings would be valid. 1 Lil. Abr. 473. They would of course allow it in such a case in any stage. But there is no such reason assigned here for asking leave to have this cause dismissed without prejudice. It is important to discriminate what may be done as a discontinuance for special reasons and by leave of the court, from what can be so done as a matter of right. The former will be allowed, when the latter does not exist; and in very advanced stages of the case, if the reasons be strong. Cro. Jac. 35. Thus in such cases it was once customary to grant it after demurrer joined, or a verdict on a writ of inquiry. Sid. 84; 1 Salk. 178; Carth. 81; Boucher v. Lawson, Cas. t. Hardw. 200; 3 Lev. 440; Henderson v. Williamson, 1 Strange, 116. If granted after a special verdict, it is "a great favor," unless the defendant consents. Price v. Parker, 1 Salk. 178. What will constitute good reasons in chancery for leave to dismiss a bill without prejudice, may be seen in Mayor, etc., of Gloucester v. Wood, 3 Hare, 148. They may be surprise, absence of witnesses, or accidental absence of counsel. Haskell v. Whitney, 12 Mass. 49.

Supposing, then, that the evidence had come up in this case, as is usual in courts of appeal, in questions in admiralty as well as in chancery (and perhaps in appeals by writ of error also, when operating as a supersedeas, and the necessary matter appears on the record to enable the appellate court to decide on the merits), I entertain no doubt, that a nonsuit should not be permitted without judgment on those merits in bar to another suit, unless the defendant consent, or the court for some good reason, not yet assigned in this case, grant leave to do it. There may be something in the organization of some appellate courts, which may vary the mode of carrying such judgment into effect, but still it ought to be rendered, and the nonsuit not be otherwise allowed at so late a period unless on the merits. The general current of the precedents in such courts accords with this view. Thus in appeals by way of writ of error, but when not operating as a supersedeas, and not prosecuted in the court above to a decision, they are treated as new proceedings, and a party may be nonsuit, before the assignment of error, and costs are all that the respondent can ask or expect, as the former judgment stands in full force, unimpaired and unsuspended. 1 Sid. 255; 2 Rolle, Abr. 130; Dunl. Adm. Pr. 324; The Neptune, 3 Wheat. [16 U. S.] 609; 5 Bac. Abr. "Nonsuit," C. So, if after an appeal is entered in the house of lords, neither party appears, all which the court can do, generally, is to dismiss the case for want of prosecution, and here it was without costs. The defendant claimed nothing else. Sherburne v. Middletown, 9 Clark & F. 72. So, if the respondent appear and not the appellant, and ask a dismissal of the appeal and costs for want of prosecution, it will be granted. In such case he asks nothing else, and virtually waives all beside that. Sherburne v. Middletown, 9 Clark & F. 72: Scanlan v. Usher, 8 Clark & F. 561. This practice arises probably from the fact, that the house of lords does not issue executions, and the judgment below is not superseded. But in some cases, where the affirmance did not appear to require an execution, the affirmance took place on motion, in the manner asked by the defendant here. Fraser v. Gordon, 3 Clark & F. 720. In like manner in this court, on an appeal in admiralty, though suspending the judgment below, if after duly entered, it is not prosecuted, and the defendant only asks costs, it might be proper only to give costs, and to enter no judgment on the merits when none is asked. 1 Hagg. Adm. 267. But if the defendant objects and asks judgment on the merits, after the case has gone so far as to be ready for a decision on them, it is very questionable whether the court will not give such a judgment. We can issue execution if necessary; and there are some proofs, grounds and data, on which to render judgment on the merits. The proceedings, which suspended or vacated the judgment below being abandoned, there ought to be judgment in chief renewed there or here. Certainly the court will not then allow leave to withdraw the case by dismission without prejudice, and lose all which has been done, except upon the strongest reasons assigned, showing the justice or necessity of it to effect what is right and legal. I regret that more cases in point, or strongly analogous, have not been presented nor found in the short time this cause has been under examination. But as I understand, that much property and the adjustment of accounts with several parties and insurance offices are tied up until this question is dis-

posed of, I have given to it the best consideration in my power consistent with the emergency. My conclusion on the whole is, that the appeal here having been entered by the plaintiff, it could not be dismissed as if the original libel was nonsuited on payment of costs merely, provided the evidence in the court below had come up, as is usual, or been taken down in writing there, and presented here, so that the merits of the case could be decided in this stage of the proceedings in this particular cause. For then we should have full means of settling the merits before us, at the time of the proposed nonsuit. The defendant also asks it, and no good cause has been assigned for granting special leave to discontinue the original bill in this late stage of the cause. But it is now said, that none of the evidence in the court below was in writing, or filed either there or here before this motion, though it has been done since. Conceding this to be the true state of the case, we had no means, when this motion was made, to decide understandingly on the merits, looking only to the evidence; none had yet been placed before the appellate court. 2 Tidd, Pr. 196.

But there is another aspect of the case, standing thus, which may enable the appellate court to enforce the merits, and which has been merely glanced at before. It is, that the merits have been fully examined in the court below on the evidence and law; and though the judgment there rendered is appealed from, yet it is prima facie right until shown to be wrong. See Fuller v. Colby—Mass. Dist.; to be printed in next volume—[Case No. 5,149]. Hence by abandoning the attempt to have that judgment altered in this court, the presumption is, without other cause shown, that the judgment below is correct. The cause being in an appellate court by regular entry, we may be bound in such case to take the judgment below as our guide for the merits, when nothing else is shown as to them, and render one for the same party and sum as there, if the case be not prosecuted here by the appellant. I see no objection to this on principle, if the defendant does not object, it being as to the plaintiff all which he has recovered after one full hearing and trial, and more than he now chooses to attempt further to recover in this appellate tribunal, after putting the respondents to greater delay and costs. In the supreme court of the United States, if one party does not appear to argue a cause, the other has a right to proceed and ask for judgment on the record, and the court will hear him and give it. Siglar v. Haywood, 8 Wheat. [21 U. S.] 677. And by several rules of that court when one party, after an entry of an appeal or writ of error, does not pursue it, the other side is entitled either to have the case dismissed, or to ask an affirmance of the judgment below. Rules 19, 30, 43; 1 How. pref. There is no difficulty as to forms any more than principle, in this appellate court pursuing such a course. Thus, where a cause is carried to the higher court by a writ of error, and where the latter has operated as a supersedeas, the judgment is sometimes rendered in a like way in the appellate court, as a judgment in chief, to carry into effect the decision before made in the court below. At other times the judgment is to reverse and amend or reform that given below. The Amiable Nancy, 3 Wheat. [16 U. S.] 562; Craig v. Radford, Id. 600. Again, frequently the case has to be remanded to be further tried below, according to the principles laid down in the appellate tribunal. [U. S. v. Robeson] 9 Pet. [34 U. S.] 328; [Harrison v. Nixon] Id. 539. This last is where a jury is used below, and not in the court above. But that causes no embarrassment in this case here, this being an admiralty case, and of course triable in neither by a jury. If the judgments in such cases are reversed, the higher court, as before shown, can often render the judgment, which ought to have been rendered by the inferior tribunal; and in such case it does. See Choteau's Heirs v. U. S., 9 Pet. [34 U. S.] 146; Yel. 117, 118; 2 Durn. & E. [2 Term R.] 657; 1 Bos. & P. 30; Carth. 181. And if it reverses the decision below, it will give to the successful party the costs he was entitled to there. 9 Clark & F. 818. If it affirm that decision, it will render judgment in chief to that effect, and enforce it with additional costs and interest.

Here the judgment can, therefore, be one affirming the decree below, because the appeal from it, though entered here, is not prosecuted. This principle was laid down in The San Juan Nepomuceno, 1 Hagg. Adm. 267; The Elizabeth, Id. 226. To be sure, there, no affirmance of the decree below was asked; but judgment was given that the appeal was deserted and for costs; and the operation of such a judgment, whether a bar of another action or not, does not seem to have been agitated. So in all the cases of appeals from the judgments of justices of the peace, and formerly from county courts to the supreme courts in New England, where, as in admiralty cases here, both the law and fact were tried over again, if the parties pleased and a discontinuance of the appeal, or failure to enter it, as well as a neglect to prosecute it after entered, were followed by a judgment in chief, if the opposite side desired it, taking the judgment below as the guide. The case was very common, when the appeal was not entered to file a complaint and a copy of the judgment below, and have that affirmed, with costs.

In cases in admiralty, where such an appeal is made and not entered, the judgment or decree in the appellate court is, as just shown in other appeals, against the libellant in chief for having deserted his appeal. Dunl. Pr. 323; The Montgomery v. The Betsey [Case No. 9,734]; 1 Hagg. Adm. 226. Or the case

may be remitted to the court below for further proceedings there. And it surely can be and should be in chief, if desired by the respondent, and if rendered in chief, the judgment below is the only and the true guide. It would be very extraordinary that such a judgment in chief can be rendered here, when the appeal is not entered, which seems to be well settled, and cannot be, after it is entered and not prosecuted.

If the original libellant then declines to prosecute his appeal further in this court, the judgment below will be affirmed; as no reason appears why the libel should be allowed to be discontinued without a decision on the merits, merely on the payment of costs, in this advanced stage of the proceedings.