## NEILSON v. THE VALENTINE.

(First Division. Juneau. January 4, 1919.)

No. 1792–A.

**Admiralty ⬤⟞39—Pleadings—Reinstatement of Dismissal.**

> Libelant brought a proceeding in rem against the power boat Valentine for damages by collision with his boat. Be-before return day the owner of the Valentine voluntarily paid the libelant the amount claimed as damage, and the libel was thereupon dismissed. Thereafter the claimant, owner of the Valentine, appeared and filed a motion to set aside the order of dismissal, and asked leave to appear and plead and defend against the libel, and in support of his motion filed an affidavit alleging that he is an Indian, and can neither read, nor write, nor speak the English language, and was misled by the statement that the amount claimed by the libelant was a fine and must be paid at once to save his boat. *Held,* motion denied, because the judgment of dismissal must follow, even though he so appeared and defended, and because libelant had the right to voluntarily dismiss.

J. H. Cobb and G. C. Winn, both of Juneau, for libelant.
R. E. Robertson, of Juneau, for claimant Williams.

JENNINGS, District Judge. This was a libel to recover the sum of $550 damages alleged to have been sustained by libelant, as owner of the power boat Cricket, by and through the negligence of the power boat Valentine.

Under the monition issued herein the Valentine was seized by the marshal. On the 27th day of November, 1918, and before the arrival of the return day of the process, and before any claimant had appeared or attempted to appear, libelant voluntarily moved to dismiss the libel, stating that the matters and things in litigation had been settled, and this court did thereupon dismiss said libel.

On the 4th day of November, 1918, one Billy Williams,

⬤⟞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

describing himself as claimant, filed a motion herein, supported by his affidavit, in which affidavit he states that he is a native Indian, unable to read, write, or speak, or understand spoken English, and that on being served with said monition he understood (through the interpreter) that he had been fined $550, and that he would have to pay that sum and costs to prevent his said boat from being seized and sold, and that, so understanding, he paid said sum to the marshal, and that the latter delivered said money to libelant in satisfaction of said claim. There is also an affidavit, signed by a third party, denying that the damage was received through any fault of the Valentine. The marshal has filed an affidavit denying that he made any representations whatsoever to said Williams that he had been fined, but, on the contrary, stated to him that his boat had been libeled for $550.

The motion asks that said judgment of dismissal be set aside, and that Williams—

"be given an opportunity and permitted to plead to the libel in the above-entitled matter, and that a trial be had in said action, and that it be decreed and adjudged that said libelant recover nothing whatsoever from said power boat Valentine, her engines, etc., or from this claimant."

I think the motion must be denied for these reasons:

1. Nothing can be gained by setting aside the dismissal. If the dismissal be set aside, Williams allowed to answer, a trial be had, and a judgment be rendered in his favor, that judgment would be one of dismissal of the libel. It would in effect be a judgment that "libelant recover nothing whatsoever from said power boat Valentine."

2. It seems clear that libelant has a right voluntarily to dismiss the libel before trial.

It has been said that the test as to when libelant may voluntarily discontinue his suit lies in the answer to the following question, to wit:

"Has the matter proceeded so far as to furnish means to the court for a correct final decision?"

If the answer be in the affirmative, then the dismissal should not be allowed; if, on the contrary, the answer be in the negative, then the dismissal is correct. Folger v. Robert G. Shaw, 9 Fed. Cas. 335, No. 4,899. Also:

6 A.R.—9

"A libelant has the right, at any stage of the cause, voluntarily to discontinue the same; and the only penalty to which he can be legally subjected is the payment of the costs of the proceedings." The Oriole, 18 Fed. Cas. 815, No. 10,573, cited in confiscation cases, 7 Wall. (74 U. S.) 458, 19 L. Ed. 196.

The case of Hanthorn v. Oliver, 32 Or. 57, 51 Pac. 440, 67 Am. St. Rep. 518, cited by counsel for the moving party herein, is not applicable. In that case application was made by a defendant to set aside a default judgment against him for $698.48 for goods alleged to have been sold and money loaned by the plaintiff's assignor to said defendant. The court there held that the defendant therein had made a showing of facts sufficiently explanatory and excusatory as to establish that it was an abuse of discretion in the lower court not to open up the judgment against defendant and allow him to defend the action; but in the case at bar there is no judgment against the defendant. The judgment is all in his favor. The judgment dismisses the libel. What cause of complaint, then, can he have against such action?

⚙️See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes